UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No.: |
| | : |
| v. | : |
| | : UNDER SEAL |
| | : |
| Abu Agila Mohammad Mas'ud Kheir | : |
|     Al-Marimi, | : |
| a/k/a Abu Agila Muhammad Mas'ud Kheir | : |
|     Al-Marimi, | : |
| a/k/a Abu Agila Muhammad Mas'ud Kheir, | : |
| a/k/a Hasan Abu Ojalya Ibrahim, | : |
| | : |
|     Defendant. | : |

**MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to place under seal the Complaint for **Abu Agila Mohammad Mas'ud Kheir al-Marimi, a/k/a Abu Agila Muhammad Mas'ud Kheir Al-Marimi, a/k/a Abu Agila Muhammad Mas'ud Kheir, a/k/a Hasan Abu Ojalya Ibrahim** (hereinafter referred to as "the Defendant"), in the above-captioned case. The government also requests that the Court seal the Affidavit in Support of the Complaint (together with the Complaint, the "Complaint Documents"), as well as the Government's Motion to Seal and the Court's Order sealing those documents. The government requests that the Complaint Documents be automatically unsealed at 7:00 a.m. on December 17, 2020. In support of its motion, the government states as follows:

Today, the United States anticipates that a Complaint will be filed against the Defendant, charging him with: (1) Destruction of Aircraft Resulting in Death, in violation of 18 U.S.C.

§§ 32(a)(1) & (a)(2), and 34; and (2) Destruction of Vehicle Used in Interstate or Foreign Commerce by Means of an Explosive Resulting in Death, in violation of 18 U.S.C. § 844(i). The United States further anticipates that the Court will grant its request for an Arrest Warrant to be issued today for the arrest of the Defendant on this Complaint.

The Complaint in this case charges the Defendant, a foreign national living outside the United States, with his participation in the bombing of Pan American World Airways Flight 103, which occurred over Lockerbie, Scotland, on December 21, 1988. Pan Am 103 was *en route* from London Heathrow to John F. Kennedy Airport in New York. The bombing killed all 259 persons on the aircraft, as well as 11 residents on the ground in Lockerbie. Since that date, the United States and Scotland have proceeded in a joint investigation into the causes and perpetrators of the attack.

The Supreme Court has noted that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978). *See also United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1981). For example, as noted by the D.C. Circuit in *United States v. Hubbard*, court documents have been sealed to protect the secrecy of ongoing criminal investigations. *Id.* at 316, n. 84 (citing *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879, 880, 882 (1st Cir. 1975); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (acknowledging the need to seal court documents to avoid interfering with an ongoing investigation by special counsel). Federal courts are empowered to seal documents in appropriate circumstances. *Cf.* Fed. R. Crim. P. 6(e)(4) (sealing of indictments); Fed. R. Civ. P. 26(c)(1) (sealing discovery to avoid embarrassment); Fed.

R. Civ. P. 5 (granting federal courts supervisory power over pleadings). The sealing of a case is appropriate where there exists an extraordinary situation and a compelling governmental interest, *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991), such as taking a defendant into custody, *United States v. Michael*, 180 F.2d 55, 57 (3d Cir. 1949); *see also United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1993); *United States v. Southland Corp.*, 760 F.2d 1366, 1379-80 (2d Cir. 1985); *U.S. v. Lyles*, 593 F.2d 182 (2d Cir. 1979) (a charging document may be sealed for any legitimate prosecutorial reason, including to take the defendant into custody and bring him or her before the court), or protecting an ongoing criminal investigation. *See generally Globe Newspaper v. Superior Court*, 457 U.S. 596, 606-07 (1982); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); Christopher K. Descherer & David L. Fogel, *Criminal Procedure Project*, 84 Geo. L. J. 1115, 1226 (1996) (courts have found the protection of ongoing government investigations a sufficiently compelling interest to justify sealing).

In this matter, there is ample reason for the Court to exercise its authority to seal the filings. The D.C. Circuit in *Hubbard* identified six factors as relevant in assessing the propriety of sealing court records: (1) the need for public access to the documents; (2) whether the public had prior access to the documents; (3) whether any objections have been raised to sealing or unsealing the documents and the identity of those objecting; (4) the strength of the generalized property and privacy interests asserted in the documents; (5) the possibility of prejudice; and (6) the purpose for which the documents were introduced. *Hubbard*, 650 F.2d at 317-22. An analysis of the *Hubbard* factors weighs strongly in favoring of granting the United States' Motion to Seal.

First, there is no demonstrable need for the public to access the criminal Complaint and related documents at the present time. A sufficient justification for the sealing of court documents

exists when the government is trying to avoid compromising an ongoing investigation and to effectuate the capture of the Defendant, who resides outside the United States. Moreover, as noted above, these charges are the product of a joint U.S.-Scottish investigation. Scotland holds the majority of the evidence in this case, and the United States will be coordinating with Scottish authorities and other international authorities between today and the date of the unsealing. Premature public disclosure of the complaint could compromise that coordination. *See Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (recognizing that a valid justification for sealing a plea agreement may be that its release could threaten an ongoing criminal investigation). Additionally, the 270 victims of this bombing included citizens not only of the United States and the United Kingdom, but nineteen other countries as well. The United States will be working with those countries regarding issues surrounding victim notification, and early public disclosure of the complaint could compromise those efforts as well.

The second *Hubbard* factor is not implicated in this matter, as the public has not had prior access to these documents. Similarly, the third *Hubbard* factor is not affected because no objections have been raised by any member of the public.

Consideration of the fourth *Hubbard* factor strongly favors granting the Motion to Seal. The documents sought to be sealed constitute the filings of the United States, which has a strong interest in keeping its ongoing criminal investigation covert until it is ready to take public action.

Fifth, premature public disclosure of these documents, as well as the existence and status of the investigation, would have a significant prejudicial effect on the case. The investigation is ongoing and at this stage involves significant international coordination with multiple countries. The public disclosure of these documents prior to December 17, 2020, at 7:00 a.m. would alert the

defendant and any co-conspirators of the pending case prior to the required international coordination taking place. It would also harm the United States' ability to engage in necessary coordination with our foreign partners, if they learn about the charges prematurely through public dissemination, and would harm the United States' ability to attempt to secure custody of the Defendant. The purpose of the criminal Complaint and arrest warrant is to charge and obtain custody of the Defendant, while also preserving the government's ability to present a case—which involves evidence collected from multiple countries—once the government obtains custody of the Defendant. These documents have not previously been disclosed to the public. Public disclosure of these documents would undermine this purpose.

The United States submits that these factors present an extraordinary situation and a compelling governmental interest which justify the sealing of the Complaint and related documents. Accordingly, the United States requests that the Court issue an Order sealing the Complaint Documents, this Motion, and the Order to Seal, with the Complaint Documents to automatically unseal on December 17, 2020, at 7:00 a.m.

In addition, we request that the sealing Order permit disclosure of the Complaint, related documents, and Order to Seal to appropriate law enforcement, diplomatic, intelligence, military, INTERPOL or other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of national security, efforts to obtain custody of or detain the Defendant, or discussions relating to the Defendant's custodial status or detention.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Complaint,

related documents, this Motion, and the Order to Seal.  A proposed Order is submitted herewith.

                Respectfully submitted,

                MICHAEL R. SHERWIN
                ACTING UNITED STATES ATTORNEY
                N.Y. Bar No. 4444188

By:   */s/ Erik M. Kenerson*_____
       Erik M. Kenerson
       Assistant United States Attorney
       OH Bar No.: 82960
       Jerome J. Teresinski
       Special Assistant United States Attorney
       PA Bar No.: 66235
       National Security Section
       United States Attorney's Office
       555 4th Street, N.W.
       Washington, D.C.  20530
       (202) 252-7201
       Erik.Kenerson@usdoj.gov
       Jerome.Teresinski2@usdoj.gov

Dated:  December 14, 2020